The State of Ohio, Appellee, *v.* Siddle, Appellant.

[Cite as State v. Siddle (1971), 28 Ohio St. 2d 135.]

(No. 71-174—Decided December 15, 1971.)

*Justice Duncan sat in this case during oral argument, but did not participate in the decision.

### ¹"YOUR RIGHTS

Before we ask you any questions, you must understand your rights. You have the right to remain silent. Anything you say can be used against you in court. You have the right to talk to a lawyer for advice before we ask you any questions, and to have him with you during questioning. You have this right to the advice and presence of a lawyer even if you cannot afford to hire one. One will be appointed for you if you wish. If you wish to answer questions now without a lawyer present you have the right to stop answering questions at any time. You also have the right to stop answering at any time until you talk to a lawyer.

### "WAIVER

"I have read the statement of my rights shown above. I understand what my rights are. I am willing to answer questions and make a statement. I do not want a lawyer. I understand and know what I am doing. No promises or threats have been made to me and no pressure of any kind has been used against me.

**"Signed** ............................................................."

*Mr. Neil M. Laughlin,* prosecuting attorney, and *Mr. James W. Carpenter,* for appellee.

*Mr. R. Stewart Beck* and *Mr. Robert B. Weaver,* for appellant.

CORRIGAN, J. Four propositions of law are urged to this court by defendant as to his contention that he did not receive a fair trial. We will consider them seriatim.

*I*

Defendant claims "willful misconduct of the prosecuting attorney in supplying and transporting to the witnesses used by the state, a transcript of the testimony of defendant's witness, contrary to the orders of the court, honoring the defense's request for a separation of witnesses, in violation of the defendant's right as to deny the defendant a fair trial."

At the outset of the actual trial the court ordered a separation of witnesses. In the course of his testimony as a court witness Dr. George T. Harding, a psychiatrist, disclosed that before coming to court he had read the testimony of Dr. Saim Giray, a defense witness. It was supplied to him by the prosecutor. Dr. Harding was appointed to make a psychiatric examination of defendant by the trial court and his written report was furnished to counsel for the state and counsel for the defense. Dr. Harding's conclusions were arrived at six months before the actual trial took place. Dr. Giray's testimony did not affect his report in any way.

Counsel for the defense did not object to any part of Dr. Harding's testimony, did not move to strike all or part of it and did not move for a mistrial on the basis of this evidence. Further, counsel for the defense cross-examined Dr. Harding carefully and at great length. We find no error on the part of the trial court in connection with this first proposition of law advanced by defendant, and it is therefore overruled.

*II*

Proposition of law No. 2 reads:

"Refusal of trial court to allow prospective jurors or the trial jury to be instructed on the effect of a finding of not guilty, by reason of insanity, deprived the jury of necessary knowledge on which to base a decision, and is a denial of defendant's right to a fair and impartial trial."

R. C. 2945.10 outlines the proceedings in a criminal

trial and requires the court to charge the jury at a certain point. R. C. 2945.11 then provides:

"In charging the jury, the court must state to it all matters of law necessary for the information of the jury in giving its verdict. The court must also inform the jury that the jury is the exclusive judge of all questions of fact. The court must state to the jury that in determining the question of guilt, it must not consider the punishment but that punishment rests with the judge except in cases of murder in the first degree or burglary of an inhabited dwelling."

Thus, there is no requirement that a court in Ohio charge the jury in a case of murder in the first degree, where the defendant has pleaded "not guilty" and "not guilty by reason of insanity," as to the consequences of a verdict of not guilty by reason of insanity. No question is raised here about the correctness of the court's charge on insanity and the record is clear that the trial court instructed the jury carefully and completely on the defense of insanity.

We find absolutely no merit to defendant's second proposition of law.

### III

The third proposition of law advanced by defendant declares that:

"The in-custody interrogation of the defendant under circumstance that would put a reasonable man on notice that the defendant was suffering from mental disease or mental derangement, without securing counsel for the defendant to protect his best interests is in violation of defendant's constitutional rights, and is a necessary extension of the rule of *Miranda* v. *Arizona*."

The record does not support defendant's claim that his constitutional rights were violated because he was "suffering from mental disease or mental derangement" when he waived his *Miranda* rights. In fact, in the initial stages of the interrogation defendant had presence of mind to contrive an explanation for his hand wounds.

From the time defendant was asked by police officers

at his home to come to police headquarters and until he reached police headquarters he was not asked any questions about this murder. He was not under arrest. Before he was interrogated about the murder he was advised of his constitutional rights three times and he stated that he understood those rights. He made three knowing, voluntary and intelligent waivers of those rights, as the record clearly demonstrates. He later admitted the murder and freely gave the interviewers all of the details of the crime. This claimed error is overruled.

## IV

Finally, defendant asserts as a proposition of law that:

"IV. The decision of the trial court, when such is against the manifest weight of the evidence with regard to the defendant's sanity, when said sanity is made a major issue of the trial, is grounds requiring a reversal of the decision of the lower courts."

A careful reading of the trial record leads to the ineluctable conclusion that defendant's position as to this proposition of law is not tenable and it is therefore rejected.

We affirm the judgment of the Court of Appeals.

*Judgment affirmed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, STERN and LEACH, JJ., concur.[2]

[2]JUSTICE DUNCAN sat in this case during oral argument, but did not participate in the decision.